```
                    UNITED STATES DISTRICT COURT

                     EASTERN DISTRICT OF CALIFORNIA


KENNETH A. SMITH,              )   CASE NO. 1:10-cv-01791 GSA PC
                               )
           Plaintiff,          )   ORDER DISMISSING COMPLAINT, WITH
                               )   LEAVE TO FILE AMENDED COMPLAINT
     v.                        )   WITHIN THIRTY DAYS
                               )
CSP CORCORAN,                  )   (Doc. 1)
                               )
           Defendants.         )
_____/
```

**Screening Order**

**I.      Screening Requirement**

Plaintiff is a former a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

1

1  Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to § 1983 actions. Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (512) (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkewicz, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (209), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949, quoting Twombly, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief,'" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. at 555-56 (internal quotation marks and citations omitted). To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his claim.

**II.     Plaintiff's Claims**

Plaintiff's statement of claim consists of a single paragraph of rambling narrative. Plaintiff makes a vague reference to being attacked by another inmate, as well as a "false CDC 115." Plaintiff also mentions two individuals not named as defendants in this case. (Compl. ¶ IV.)

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection

2

1 can be established not only by some kind of direct, personal participation in the deprivation, but also
2 by setting in motion a series of acts by others which the actor knows or reasonably should know
3 would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

4       Plaintiff need not, however, set forth legal arguments in support of his claims.  In order to
5 hold an individual defendant liable, Plaintiff must name the individual defendant, describe where
6 that defendant is employed and in what capacity, and explain how that defendant acted under color
7 of state law.  Plaintiff should state clearly, in his or her own words, what happened.  Plaintiff must
8 describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.

9 **III.    Conclusion and Order**

10       The Court has screened Plaintiff's complaint and finds that it does not state any claims upon
11 which relief may be granted under section 1983.  The Court will provide Plaintiff with the
12 opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.
13 Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not
14 change the nature of this suit by adding new, unrelated claims in his amended complaint.  George,
15 507 F.3d at 607 (no "buckshot" complaints).

16       Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each
17 named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,
18 Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be
19 [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v.
20 Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

21       Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,
22 Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567
23 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded
24 pleading," Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original
25 complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing
26 to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at
27 1474.

28       Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **March 14, 2011**            /s/ **Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE