# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KENNETH A. SMITH,

        Plaintiff,

   v.

C/O GARCIA,

        Defendant.

CASE NO. 1:10-cv-01791 GSA PC

ORDER DISMISSING THIS ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED

**I.     Screening Requirement**

Plaintiff is a former a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

1  Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions,"
2  none of which applies to § 1983 actions. <u>Swierkiewicz v. Sorema, N.A.</u>, 534 U.S. 506 (512) (2002).
3  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing
4  that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give
5  defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."
6  <u>Swierkewicz</u>, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare
7  recitals of the elements of the cause of action, supported by mere conclusory statements, do not
8  suffice." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (209), citing <u>Bell Atlantic Corp. v. Twombly</u>, 550
9  U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a
10 claim that is plausible on its face.'" <u>Iqbal</u>, 129 S.Ct. at 1949, quoting <u>Twombly</u>, 550 U.S. at 555.
11 While factual allegations are accepted as true, legal conclusions are not. <u>Iqbal</u>, 129 S.Ct. at 1949.

12 Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief
13 above the speculative level." <u>Twombly</u>, 550 U.S. at 555 (citations omitted). A plaintiff must set
14 forth "the grounds of his entitlement to relief,'" which "requires more than labels and conclusions,
15 and a formulaic recitation of the elements of a cause of action." <u>Id</u>. at 555-56 (internal quotation
16 marks and citations omitted). To adequately state a claim against a defendant, a plaintiff must set
17 forth the legal and factual basis for his claim.

18 **II.     Plaintiff's Claims**

19 This action proceeds on the April 11, 2011, first amended complaint, filed in response to an
20 earlier order dismissing the original complaint and granting Plaintiff leave to file an amended
21 complaint. In the original complaint, Plaintiff's statement of claim consisted of a single paragraph
22 of rambling narrative. Plaintiff made a vague reference to being attacked by another inmate, as well
23 as a "false CDC 115." Plaintiff also mentioned two individuals not named as defendants.

24 Plaintiff was advised that in order to state a claim under section 1983, a plaintiff must allege
25 that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights
26 secured by the Constitution or federal law. <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1185
27 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an
28 affirmative act, participates in another's affirmative acts, or omits to perform an act which [that

person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

In the first amended complaint, Plaintiff names as the sole Defendant C/O Garcia. Plaintiff alleges that on July 14, 2009, he told C/O Garcia that he had been battered by another inmate. Plaintiff identified the inmate and told Garcia that he was attacked by the inmate because he refused to join the inmate's gang. Plaintiff alleges that C/O Garcia "accused me of fighting, which I did not do." (Am. Compl. ¶ IV.) Plaintiff contends that he has a constitutional right not to join a prison gang.

In the original complaint, Plaintiff failed to identify any individuals who deprived Plaintiff of a protected interest. Here, Plaintiff identifies C/O Garcia, but fails to allege any conduct on Garcia's half that deprived Plaintiff of a protected interest. There is no authority for the proposition that Plaintiff has a right to remain free from association with a prison gang. C/O Garcia may only be held liable for the assault on Plaintiff under a theory of failure to protect Plaintiff.

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Hoptowit v. Ray, 682 F.2d at 1250-51; Farmer v. Brennan, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmates's safety." Farmer v. Brennan, 511 U.S. at 834. The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. at 834(citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837.

To demonstrate that a prison official was deliberately indifferent to a serious threat to an inmate's safety, the prisoner must show that "the official knew of and disregarded an excessive risk to inmate ... safety; the official must both be aware of facts from which the inference could be drawn

that a substantial risk of serious harm exists, and the official must draw the inference." Farmer, 511 U.S. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995).

Here, Plaintiff has not alleged any facts indicating that Defendant Garcia knew of the particular danger to Plaintiff, and acted with deliberate indifference to that risk to Plaintiff's safety. Plaintiff may not hold C/O Garcia liable on a conclusory allegation that he knew of the harm to Plaintiff. Plaintiff must allege facts from which an inference could be drawn by C/O Garcia that a substantial risk of serious harm existed, and Garcia was deliberately indifferent to that harm, resulting in injury to Plaintiff. Because Plaintiff has failed to allege facts indicating that C/O Garcia knew of the danger to Plaintiff and failed to prevent it, Plaintiff fails to state a claim for relief.

### III. Conclusion and Order

On April 15, 2011, an order to show cause was entered, indicating that The Court screened Plaintiff's first amended complaint and found that it does not state any claims upon which relief may be granted under section 1983. Plaintiff was provided with the opportunity to file an amended complaint curing the deficiencies identified by the Court in the earlier order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). The order to show cause specifically directed Plaintiff to show cause, within thirty days, why this action should not be dismissed for failure to state a claim. The thirty day period has passed, and Plaintiff has not filed a response to the order to show cause. Accordingly, it is HEREBY ORDERED that this action is dismissed for Plaintiff's failure to state a claim upon which relief could be granted. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:   **May 23, 2011**              /s/ Gary S. Austin
                                    UNITED STATES MAGISTRATE JUDGE